The same result is warranted here.[4]

### Lesser Included Offense

Our decision to overturn Figueroa's conviction on the charged offense does not end the matter. Figueroa concedes that the evidence was sufficient to prove the lesser included offense of interference with flight crew members or flight attendants in violation of 49 U.S.C. § 1472(j), and that conviction of the greater offense necessarily included conviction of the lesser offense. *See generally United States v. Busic*, 592 F.2d 13, 23 (2d Cir. 1978).

■ Under 28 U.S.C. § 2106, this court has jurisdiction to remand and direct entry of such appropriate judgment as may be just under the circumstances. This section authorizes federal courts to modify a judgment in a criminal case by reducing the conviction to that of the lesser included offense. *See United States v. Swiderski*, 548 F.2d 445, 452 (2d Cir. 1977); *United States v. Industrial Laboratories Co.*, 456 F.2d 908, 911 (10th Cir. 1972) and cases cited therein. We conclude that the just disposition of this case is that Figueroa's conviction be reversed and the case remanded with directions to enter a judgment of conviction of the lesser included offense and for resentencing. It is so ordered.

---

which the defendant was accused of violating, 18 U.S.C. § 1001, prohibited *inter alia* the making of a false statement and the use of false documents. The indictment charged the defendant with making a false statement by means of a letter. At trial, the government proved that the enclosures included with the letter contained false estimates. According to the defendant, the government thereby constructively amended the indictment to charge him with using false documents rather than making false statements. Our court held, however, that the jury could have concluded that the enclosures were "an integral part" of the written statement that was "made" by the defendant rather than separate false documents that were "used" by the defendant. The court, therefore, rejected the defendant's argument that a substantial variance, much less a constructive amendment, had taken place. *See also United States v. Malatesta*, 583 F.2d 748, 755–56 & n.6 (5th Cir. 1978), *modified*, 590 F.2d 1379 (5th Cir.) (en banc), *cert. denied*, 440 U.S.

REVERSED AND REMANDED WITH DIRECTIONS.

**Riley Ray FULTZ and John Stanley Campbell, Plaintiffs-Appellants,**

v.

**UNITED STATES of America and F.B.I. Agent Alan Beiner, Defendants-Appellees.**

**No. 81–5388**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 1, 1982.

962, 99 S.Ct. 1508, 59 L.Ed.2d 777 (1979) (discussing *Guthartz*).

4. This would be a different case if the government had provided substantial evidence of the charged offense, force and violence, as well as evidence of threats and intimidation. In such a case, the judge's instructions to the jury could have focused the deliberations upon evidence of the charged offense, and there would be little likelihood that the jury would convict the defendant on charges other than those made by the grand jury. *See United States v. Gonzales*, 661 F.2d 488, 492 (5th Cir. 1981). In this case, however, the government furnished *no* substantial evidence of the charged offense of force and violence. The instructions of the trial judge, therefore, could not serve to focus the jury's attention upon evidence of the charged offense and thus avoid violation of the defendant's fifth amendment right to be tried only on charges in the grand jury indictment.

Jay W. Burnett, Burnett, Morrow, Seymour & Greene, Houston, Tex., for plaintiffs-appellants.

K. M. Moore, Asst. U. S. Atty., Tallahassee, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM:

The appellants have failed to file a transcript of the evidence as required by FRAP and the Interim Rules of this court. See Interim Rule 14(a)(1).

The appeal is DISMISSED.

Hardy L. PASCHAL, Plaintiff-Appellant,

v.

FLORIDA PUBLIC EMPLOYEES
RELATIONS COMMISSION, et
al., Defendants-Appellees.

No. 81–5258
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 1, 1982.